COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-266-CR
 
 
JOHNNY GAY AARON                                                           APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 78TH 
DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Johnny Gay Aaron of possession of one gram or more but 
less than four grams of methamphetamine. Upon his plea of true to the 
enhancement paragraphs, the jury assessed Appellant’s punishment at forty 
years’ confinement in the Institutional Division of the Texas Department of 
Criminal Justice, and the trial court sentenced Appellant accordingly. In four 
issues, Appellant challenges the legal and factual sufficiency of the evidence 
and argues that he received ineffective assistance of counsel. Because we hold 
that the evidence is both legally and factually sufficient to support the 
jury’s verdict and that the record does not support Appellant’s ineffective 
assistance claim, we affirm the trial court’s judgment.
Background Facts
        Wichita 
Falls police officers entered and searched Appellant’s house pursuant to a 
search warrant. They discovered a baggie of methamphetamine under the pillow of 
the only bed in the house. They also discovered syringes on the dresser. The 
methamphetamine weighed over two grams, including the baggie. No scales, 
packaging materials, or transaction records were located inside the house. No 
contraband, paraphernalia, or cash was seized from Appellant’s person.
        Appellant’s 
girlfriend, Erica Robertson, who also lived in the house, was not present during 
the search. She testified at trial, however, that she did not get out of bed on 
the day of the search until late in the evening. When she got up, she made the 
bed, observing no contraband under the pillow. At trial, testimony showed that 
various people had come in and out of the house that day before the police 
searched the house.
Sufficiency of the Evidence
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.[2]  
This standard gives full play to the responsibility of the trier of fact to 
resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts.[3]  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.[4]
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.[5] Evidence is factually insufficient if it is so weak as to 
be clearly wrong and manifestly unjust or the adverse finding is against the 
great weight and preponderance of the available evidence.[6]  
Therefore, we must determine whether a neutral review of all the evidence, both 
for and against the finding, demonstrates that the proof of guilt is so 
obviously weak as to undermine confidence in the verdict or the proof of guilt, 
although adequate if taken alone, is greatly outweighed by contrary proof.[7]  In performing this review, we are to give due 
deference to the fact finder’s determinations.[8]  
We may not substitute our judgment for that of the fact finder’s.[9]   Consequently, we may find the evidence 
factually insufficient only where necessary to prevent manifest injustice.[10]  A proper factual sufficiency review must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal.
        Appellant 
relies heavily on the testimony of his girlfriend, Robertson, who lived in the 
house with him. Robertson testified that she cleaned the house and made the bed 
before the officers executed the warrant. She testified that three other persons 
visited the home that evening before the police arrived. She also testified that 
there were no syringes in the residence either before she left or when she 
returned after the search.
        The 
house, according to Robertson, was owned by Appellant’s mother, who allowed 
Appellant free rein of the premises. Appellant concedes that he was in general 
control and possession of the premises. Robertson also testified that Appellant 
locked the house whenever he left it.
        Considering 
the evidence that Appellant lived at the house, it was under his control, the 
drugs were found in the only bed in the house, there was no suggestion the drugs 
belonged to Robertson, who also lived there, and there was no evidence that 
anyone else would have had a reason to leave drugs beneath the pillow on 
Appellant’s bed, we hold that the evidence is legally and factually sufficient 
to support the jury’s verdict. We overrule Appellant’s first and second 
issues.
Ineffective Assistance of Counsel
        In 
his third and fourth issues, Appellant argues that he was denied reasonably 
effective assistance of counsel in two respects. Specifically, he complains that 
counsel failed to offer evidence in support of his motion to suppress and also 
failed properly to pursue disclosure of pertinent information relating to the 
confidential informant.
        We 
apply a two-pronged test to ineffective assistance of counsel claims.[11]  First, Appellant must show that his counsel's 
performance was deficient; second, Appellant must show that the deficient 
performance prejudiced the defense.[12]
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case.[13]  The issue is whether counsel's assistance was 
reasonable under all the circumstances and prevailing professional norms at the 
time of the alleged error.[14]  “[C]ounsel is 
strongly presumed to have rendered adequate assistance and made all significant 
decisions in the exercise of reasonable professional judgment.”[15]  An allegation of ineffective assistance must be 
firmly founded in the record, and the record must affirmatively demonstrate the 
alleged ineffectiveness.[16]  Our scrutiny of 
counsel's performance must be highly deferential, and every effort must be made 
to eliminate the distorting effects of hindsight.[17]
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, that is, a trial 
whose result is reliable.[18]  In other words, 
Appellant must show a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different.[19]  A reasonable probability is a probability 
sufficient to undermine confidence in the outcome.[20]  
The ultimate focus of our inquiry must be on the fundamental fairness of the 
proceeding whose result is being challenged.
        Appellant 
did not file a motion for new trial to develop the claimed deficiencies in 
counsel’s performance. The record on direct appeal is rarely sufficient to 
support a claim of ineffective assistance of counsel.[21]  
This record is no exception.
        Appellant 
argues that trial counsel rendered ineffective assistance of counsel because he 
chose to rely solely upon the contents of the unsworn motion to suppress. 
Although Appellant asserted at the pretrial hearing on his motion to suppress 
that the unidentified informant was unreliable and that the police were aware of 
this fact, as well as the fact that the informant had a criminal record, there 
is no evidence to support this assertion. Nothing in the record shows what 
evidence Appellant would have presented in support of his motion to suppress. 
Nothing in the record shows what evidence was available, nor does anything in 
the record support Appellant’s assertion on appeal that there is a reasonable 
probability the outcome of the trial would have been different had counsel 
performed otherwise.
        As 
to his complaint that trial counsel rendered ineffective assistance by failing 
properly to pursue the disclosure of the identity of the confidential informant, 
nothing in the record shows us why this failure constituted ineffective 
assistance. There is no evidence in the record that the informant was unreliable 
or that he had a criminal record. Appellant argues that the failure to present 
evidence to show the unreliability and criminal history of the confidential 
informant constituted deficient performance on the part of trial counsel, but he 
does not show us what evidence existed that could have been presented.
        Consequently, 
the record before us is inadequate to support Appellant’s allegations of 
ineffective assistance. We therefore overrule Appellant’s third and fourth 
issues.
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.
 
                                                                  PER 
CURIAM
  
PANEL F:   DAUPHINOT, 
J.; CAYCE, C.J.; and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 26, 2003

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).
3. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.
4. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1131 (2000).
5. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).
6. 
Johnson, 23 S.W.3d at 11.
7. 
Id.
8. 
Id. at 8-9; Clewis, 922 S.W.2d at 136.
9. 
Johnson, 23 S.W.3d at 12.
10. 
Id. at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 
1997).
11. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
12. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
13. 
Thompson, 9 S.W.3d at 813.
14. 
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.
15. 
Id. at 690, 104 S. Ct. at 2066.
16. 
Thompson, 9 S.W.3d at 814.
17. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
18. 
Id. at 687, 104 S. Ct. at 2064.
19. 
Id. at 694, 104 S. Ct. at 2068.
20. 
Id.
21. 
Thompson, 9 S.W.3d at 813-14.